Ernest Lee JOHNSON, Plaintiff–Appellant

v.

George A. LOMBARDI; David Dormire; Terry Russell, Defendants–Appellees.

No. 15–3420.

United States Court of Appeals, Eighth Circuit.

Submitted: Oct. 29, 2015.

Filed: Oct. 30, 2015.

W. Brian Gaddy, Jeremy S. Weis, Gaddy Weis LLC, Kansas City, MO, for appellant.

Gregory M. Goodwin, Michael J. Spillane, Asst. Attys. Gen., Jefferson City, MO, for appellees.

Before SMITH, COLLOTON, and GRUENDER, Circuit Judges.

PER CURIAM.

Death row inmate Ernest L. Johnson moves for a stay of his execution scheduled for November 3, 2015, at 6:00 p.m., pending full briefing and argument of his appeal from the district court's [1] dismissal of his complaint filed under 42 U.S.C. § 1983. We deny his motion for a stay.

I.

Johnson underwent a craniotomy surgical procedure in 2008 to remove a brain

1. The Honorable David Gregory Kays, Chief Judge, United States District Court for the Western District of Missouri.

tumor. After this surgery, a portion of the tumor remained. The surgery also resulted in a brain defect and scarring issue. Consequently, Johnson has suffered from several seizures in the last few years. After the State of Missouri scheduled his execution, Johnson filed a § 1983 complaint alleging that Missouri's lethal-injection protocol would be unconstitutional as applied to him because of his medical condition. Specifically, Johnson alleged that pentobarbitol, the drug Missouri uses to execute inmates, could trigger a seizure and cause him severe pain. In his complaint, Johnson identified lethal gas as an alternative method of execution permitted under Missouri law. *See* Mo.Rev.Stat. § 546.720(1).

The district court entered an order denying temporary injunctive relief and dismissing Johnson's complaint. The court determined that Johnson did not state a claim upon which relief could be granted because he failed plausibly to plead sufficient facts establishing the existence of a feasible and readily implementable method of execution. *See* Fed. R. Civ. Pro. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Johnson now moves for a stay pending appeal.

## II.

■ "[A] stay of execution is an equitable remedy. It is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Hill v. McDonough*, 547 U.S. 573, 584, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006). "[I]nmates seeking time to challenge the manner in which the State plans to execute them must satisfy all of the requirements for a stay, including a showing of a significant possibility of success on the merits."

*Id.* It is not enough merely to file an action that can proceed under § 1983. *Id.* at 583–84, 126 S.Ct. 2096. A movant must present evidence to show a significant possibility of success on the merits of his claim. *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997) (per curiam).

■ To succeed on the merits of his claim, Johnson must show that Missouri's lethal-injection method of execution, as applied to him, violates the Eighth and Fourteenth Amendments. *See Clayton v. Lombardi*, 780 F.3d 900, 901 (8th Cir.2015). Based on the record before us, we conclude that Johnson has not shown a significant possibility of success.

■■ A prisoner may successfully challenge a method of execution under the Eighth Amendment only if he "establish[es] that the method presents a risk that is 'sure or very likely to cause serious illness and needless suffering, and give[s] rise to sufficiently imminent dangers.'" *Glossip v. Gross*, 576 U.S. ——, 135 S.Ct. 2726, 2737, 192 L.Ed.2d 761 (2015) (quoting *Baze v. Rees*, 553 U.S. 35, 50, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008)). "To prevail on such a claim, 'there must be a substantial risk of serious harm, an objectively intolerable risk of harm that prevents prison officials from pleading that they were subjectively blameless for purposes of the Eighth Amendment.'" *Id.* (quoting *Baze*, 553 U.S. at 50, 128 S.Ct. 1520). A prisoner "cannot successfully challenge a State's method of execution merely by showing a slightly or marginally safer alternative." *Id.* (quoting *Baze*, 553 U.S. at 51, 128 S.Ct. 1520). Instead, a prisoner must identify an alternative that is "feasible, readily implemented, and in fact significantly reduce[s] a substantial risk of severe pain." *Id.* (quoting *Baze*, 553 U.S. at 52, 128 S.Ct. 1520).

Under this standard, Johnson's arguments fall short. We conclude that Johnson has not shown a significant possibility of success on his claim that the method of execution used by Missouri "presents a risk that is sure or very likely to cause serious illness and needless suffering." *Id.* at 2737. The weakness of his contention is evidenced by the vagaries, hypotheticals, and speculation pled in his complaint. Johnson alleges that his condition raises a "significant *potential*" that pentobarbitol will "*promot[e]*" a seizure and that such a seizure "*can* result in significant muscle pain." Such averments do not satisfy the demanding requirement that Johnson show that unnecessary suffering is *sure* or *very likely* to occur. *See id.* The attached affidavit of Dr. Joel Zivot fails to show a likelihood of success under the Eighth Amendment standard. Dr. Zivot notes that seizures "*may* be induced" as a result of the pentobarbitol injection. And he notes that pentobarbitol has the potential to promote a seizure. These equivocal statements do not sufficiently show a "*substantial* risk of serious harm." *Id.* at 2737 (emphasis added). Conspicuously absent from Dr. Zivot's affidavit is any clear statement that significant pain is "sure or very likely" to occur if the state executes Johnson using pentobarbitol. Although Dr. Zivot later uses stronger language in a concluding paragraph, the conclusion is based expressly on earlier findings that are insufficient.

In addition, Johnson has not shown a significant possibility of success because he has not identified another execution method that satisfies the Eighth Amendment standard. Johnson's threadbare assertion that lethal gas is *legally* available in Missouri is not the same as showing that the method is a feasible or readily implementable alternative method of execution. Indeed, nowhere in Johnson's complaint does he plead that Missouri could readily imple-ment the lethal-gas method. Moreover, Johnson failed to offer any facts to support his conclusory allegation that lethal gas would reduce significantly the substantial and unjustifiable risk of pain. *See Glossip*, 135 S.Ct. at 2737 (noting that a plaintiff must "show that the risk is substantial *when compared to* the known and available alternatives") (emphasis added); *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) ("Legal conclusions and threadbare recitations of the elements of a cause of action supported by mere conclusory statements are not entitled to a presumption of truth when considering the sufficiency of a complaint.") (internal quotation omitted). Dr. Zivot's affidavit does not suggest that seizures would be any less likely to occur if Johnson were to be executed using lethal gas. We thus conclude that Johnson is unlikely to prevail on the merits because he does not sufficiently identify an alternative method of execution.

In reaching our conclusion, we are mindful that the Supreme Court granted a stay pending appeal in *Bucklew v. Lombardi*, 572 U.S. ——, 134 S.Ct. 2333, 189 L.Ed.2d 206 (2014), in light of allegations and evidence that lethal injection combined with a unique health condition created a substantial risk of severe pain. But Johnson's case is different. *Bucklew* involved a district court's *sua sponte* dismissal of a complaint despite the fact that Bucklew had presented stronger evidence that the lethal-injection protocol would create a risk of severe pain as a result of his medical condition. *See Bucklew v. Lombardi*, 783 F.3d 1120, 1128 (8th Cir.2015). Indeed, the record in *Bucklew* included a concession from the state that the plaintiff had proposed an available alternative procedure that would have eliminated certain risks of unnecessary suffering. *See Bucklew v. Lombardi*, 783 F.3d 1120, 1128 (8th Cir.2015). No such concession exists in

this case. And, as stated above, Johnson has provided significantly weaker, speculative evidence regarding the risk of unnecessary harm.

### III.

Given the record before us and the State's strong interest in enforcing its criminal judgment without undue interference, we deny the motion for stay of execution pending appeal.