# SUPREME COURT OF THE UNITED STATES

## MARCEL WAYNE WILLIAMS *v.* RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

No. 09–10382.   Decided December 6, 2010

The motion of Scholars of Habeas Corpus Law for leave to file a brief as *amici curiae* is granted.  The petition for a writ of certiorari is denied.

JUSTICE SOTOMAYOR, with whom JUSTICE GINSBURG joins, dissenting from denial of certiorari.

Today the Court refuses to review the Eighth Circuit's conclusion that a State may withhold an objection to a federal habeas evidentiary hearing until after the hearing is complete, the constitutional violation established, and habeas relief granted.  Because I believe such a rule enables, and even invites, States to manipulate federal habeas proceedings to their own strategic advantage at an unacceptable cost to justice, I respectfully dissent.

Petitioner Marcel Wayne Williams was charged with capital murder, kidnapping, rape, and aggravated robbery. At trial, his attorneys conceded guilt in the opening statement, apparently hoping to establish credibility with the jury and ultimately to convince the jury to recommend a sentence of life without parole.  Despite adopting this strategy, however, Williams' attorneys called only one witness at the penalty phase, an inmate who had no personal relationship with Williams and who testified from his own experience that life was more pleasant on death row than in the general prison population.  Not surprisingly, the jury unanimously recommended a death sentence.  The trial court sentenced Williams to death by lethal injection, and the Arkansas Supreme Court af-

firmed the conviction and sentence on direct appeal. *Williams* v. *State*, 338 Ark. 97, 991 S. W. 2d 565 (1999).

After the Arkansas courts denied his petition for collateral relief, Williams filed a federal habeas petition under 28 U. S. C. §2254. Williams alleged that he received ineffective assistance of counsel under *Strickland* v. *Washington*, 466 U. S. 668 (1984), due to his attorneys' failure to develop and present mitigating social history evidence to the jury. As to *Strickland*'s performance prong, the District Court held that the state-court decision denying Williams' ineffective-assistance claim was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Williams* v. *Norris*, No. 5:02CV00450, 2006 WL 1699835, *8 (ED Ark., June 19, 2006). As to prejudice, the court concluded that the record was inconclusive and ordered an evidentiary hearing. The testimony at the hearing established that Williams had been "subject to every category of traumatic experience that is generally used to describe childhood trauma": sexual abuse by multiple perpetrators; physical and psychological abuse by his mother and stepfather; gross medical, nutritional, and educational neglect; exposure to violence in the childhood home and neighborhood; and a violent gang-rape while in prison as an adolescent. 2007 WL 1100417, *2 (Apr. 11, 2007). On the basis of that testimony, the District Court found that Williams had been prejudiced by counsel's ineffective assistance, granted habeas relief, and ordered the State to afford Williams a new trial at the penalty phase or to reduce his sentence to life without parole. *Id.*, at *2–*3.

The Court of Appeals reversed, reinstating the sentence of death by lethal injection. *Williams* v. *Norris*, 576 F. 3d 850 (CA8 2009). Concluding that Williams was not entitled to a federal evidentiary hearing in the first place and entirely disregarding the evidence introduced at the hearing as a result, the court held that Williams had failed to

prove prejudice "on the factual record he developed in state court." *Id.*, at 863. Thus, although the District Court found that the State never "object[ed] to [the court's decision] to conduct an evidentiary hearing" nor "argued that [it] should not consider that evidence" in ruling on Williams' petition, 2007 WL 1100417, *2, n. 1; see also *id.*, at *3, the Court of Appeals held that the State had in fact objected to the hearing. In the alternative, the Court of Appeals concluded that it would "exercise [its] discretion to review the district court's non-compliance with §2254(e)(2)" even if the State had not objected. 576 F. 3d, at 860.

To be sure, under §2254(e)(2), if a habeas petitioner "has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim" unless certain conditions are met. Had the State invoked this section in the District Court, the hearing may have been barred for the reasons given by the Court of Appeals. But whether §2254(e)(2) barred the hearing is a separate question from whether the State's §2254(e)(2) objection was properly before the Court of Appeals in the first place. As to that threshold question, neither of the holdings adopted by the court below withstands scrutiny.

First, the Eighth Circuit's conclusion that the State objected in the District Court to the evidentiary hearing is patently wrong. As proof of an objection, the Court of Appeals found one sentence in the record where the State asserted that a federal habeas court "is prevented from retrying a state criminal case." 576 F. 3d, at 860 (internal quotation marks omitted). According to the Court of Appeals, this statement amounted to an objection to the hearing because it "incorporated the fundamental purpose behind the restrictions on evidentiary hearings in §2254(e)(2)." *Ibid.* As a general matter, however, a party wishing to raise an objection and preserve an issue for

appeal must "pu[t] the court on notice as to [its] concern," *Beech Aircraft Corp.* v. *Rainey*, 488 U. S. 153, 174 (1988). Absolutely nothing in the State's general statement—or any other part of the record, for that matter—put the District Court, or Williams, on notice that the State contested Williams' entitlement to an evidentiary hearing. Even if a State need not spell out its opposition to an evidentiary hearing in precise terms, I cannot fathom how this statement of a general principle of law—a principle that is no less true even when a federal evidentiary hearing *is* proper—could suffice.

Indeed, rather than reveal an objection to the hearing, the record indicates that the State affirmatively consented to the hearing and sought to use the hearing to its own strategic advantage. Williams made multiple straightforward requests for an evidentiary hearing in no unclear terms. And, the District Court clearly informed the State of its intent to grant that request, giving the State every opportunity to object that a hearing was improper because Williams had "failed to develop the factual basis of [his] claim" in state court, §2254(e)(2). Rather than protest, the State requested that the court narrow the issues on which evidence would be heard and that the hearing be rescheduled due to the unavailability of its own witness. The State then relied on new evidence *developed at the hearing* to contest the court's prior conclusion, *on the state-court record*, that defense counsel's performance had been deficient. The State presented the same evidence on appeal, although there it also argued—inconsistently and for the very first time—that the hearing had been improper. I simply cannot see how this record suggests anything other than a deliberate strategy by the State to use the hearing to fortify the record in support of the state-court decision and to object to the hearing only if and when that strategy failed.

Second, with respect to the Eighth Circuit's alternative

holding that it would, in any event, "exercise [its] discretion to review the district court's non-compliance with §2254(e)(2)," 576 F. 3d, at 860, the Court of Appeals seriously misapplied our precedent. The court assumed that it possessed discretion to consider an objection to an evidentiary hearing that is asserted only after the hearing has been conducted, the constitutional violation established, and habeas relief granted, relying on this Court's decision in *Day* v. *McDonough*, 547 U. S. 198 (2006). In that case, we held that "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Id.*, at 209. Even assuming that same discretion applies in these circumstances,* *Day* makes clear that the court must "'determine whether the interests of justice would be better served'" by allowing the State's unasserted defense to expire without court intervention. *Id.*, at 210 (quoting *Granberry* v. *Greer*, 481 U. S. 129, 136 (1987)). In particular, and of critical significance to this case, the court must evaluate whether anything "in the record suggests that the State 'strategically' withheld the defense or chose to relinquish it." *Day*, 547 U. S., at 211. If so, the court "would not be at liberty to disregard that choice." *Id.*, at 210, n. 11. Thus, even assuming *Day* applied here, it required the Court of Appeals to search the record for a suggestion of strategic forfeiture. Yet, despite the record described

————————

*Although we have never decided whether the courts of appeals possess discretion to consider after-the-fact objections of the kind here, we have at least left open the possibility that a State might forfeit such an objection if the State fails to raise it properly. See *Bradshaw* v. *Richey*, 546 U. S. 74, 79–80 (2005) *(per curiam)* (remanding for the Sixth Circuit to address the argument that the State "failed to preserve its objection to the [court's] reliance on evidence not presented in state court by failing to raise this argument properly"); *Holland* v. *Jackson*, 542 U. S. 649, 653, n. (2004) *(per curiam)* (rejecting the contention that the State had failed to preserve its objection on the record present there).

above, which at the very least raises the possibility of a deliberate decision by the State, the Court of Appeals failed to consider the question at all.

*Day* also would require the Court of Appeals to "assure itself" that Williams would not be "significantly prejudiced by the delayed focus" on his entitlement to a federal evidentiary hearing. *Id.*, at 210. Williams raised just this point in the Court of Appeals, arguing that the State's untimely objection to the evidentiary hearing had "deprived [him] of any opportunity to present facts that would show his entitlement to a hearing under the applicable standard." Brief for Appellee/Cross-Appellant and Addendum in No. 07–1984 etc. (CA8), p. 8. This, too, the court failed to address.

In fact, the Court of Appeals made no mention of—and apparently gave no consideration to—*any* countervailing interests weighing against review of the State's untimely §2254(e)(2) challenge. Such interests are certainly significant where, as here, the evidence at the hearing led the District Court to conclude that a constitutional violation had occurred and that a capital sentence must be set aside. Indeed, the relevant interests to be considered include not only interests of finality and comity (the singular focus of the Court of Appeals), but also the interest of remedying a "miscarriage of justice" that is evident after "a full trial has been held in the district court." *Granberry*, 481 U. S., at 135.

In my opinion, the interests of justice are poorly served by a rule that allows a State to object to an evidentiary hearing only after the hearing has been completed and the State has lost. Cf. *Puckett* v. *United States*, 556 U. S. —, — (2009) (slip op., at 5) ("[T]he contemporaneous-objection rule prevents a litigant from 'sandbagging' the court— remaining silent about his objection and belatedly raising the error only if the case does not conclude in his favor"). It is true, as the Court of Appeals emphasized, that the

policy against evidentiary hearings in federal habeas promotes principles of comity and federalism. See *Williams* v. *Taylor,* 529 U. S. 420, 436–437 (2000). But when the State voluntarily participates in a federal evidentiary hearing—without objection, with an apparent intent of supplementing the record for its own purposes, and at a significant cost and expenditure of judicial resources— these interests are significantly diminished if not altogether absent. We have refused to adopt rules that "would permit, and might even encourage, the State to seek a favorable ruling on the merits in the district court while holding [a] defense in reserve for use on appeal if necessary." *Granberry,* 481 U. S., at 132. Because I believe the opinion below does just that, at an unacceptable cost to the interests of justice generally and in this particular case, I would grant the petition for writ of certiorari and vacate the judgment below.