**Don William DAVIS Appellant**

v.

**Wendy KELLEY, Director, Arkansas Department of Correction Appellee**

**No: 17-1806**

United States Court of Appeals, Eighth Circuit.

Filed April 17, 2017

Deborah Ruth Sallings, Scott Braden, Assistant Federal Public Defender, Federal Public Defender's Office, Little Rock, AR, E. Alvin Schay, Litle Rock, AR, for Petitioner-Appellant

Don William Davis, Pro Se

Kelly Hook Fields, Mark Lunsford Pryor, Attorney General's Office, Little Rock, AR, Jeffrey Weber, Bryant, AR, for Defendant-Appellee

SMITH, Chief Judge, SHEPHERD and KELLY, Circuit Judges.

## ORDER

PER CURIAM.

■ Death row inmate Don William Davis moves for a stay of his execution scheduled for April 17, 2017, at 7:00 p.m., pending full briefing and argument of his appeal from the district court's denial of his Federal Rule of Civil Procedure 60(b) motion. We deny his motion for stay.

"[A] stay of execution is an equitable remedy. It is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Hill v. McDonough*, 547 U.S. 573, 584, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006). "[I]nmates seeking time to challenge the manner in which the State plans to execute them must satisfy all of the requirements for a stay, including a showing of a significant possibility of success on the merits." *Id.* . . . . A movant must present evidence to show a significant possibility of success on the merits of his claim. *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997) (per curiam).

*Johnson v. Lombardi*, 809 F.3d 388, 390 (8th Cir.), *cert. denied*, —— U.S. ——, 136 S.Ct. 601, 193 L.Ed.2d 480 (2015).

■ Davis sought relief from judgment pursuant to Rule 60(b) to obtain a merits ruling on his procedurally defaulted ineffective-assistance-of-trial counsel claim. That claim asserts that trial counsel rendered ineffective assistance at the penalty phase in violation of the Sixth Amendment by failing to present a witness to evaluate and explain Davis's admitted school and institutional records. He also asserts Davis's counsel failed to present other witnesses in mitigation. The district court denied relief, but granted a certificate of appealability on the issue.

A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an "asserted federal basis for relief from a state court's judgment of conviction" or as an attack on the "fed-

eral court's previous resolution of the claim on the merits." *Gonzalez [v. Crosby]* 545 U.S. [524,] 530, 532 [ (2005) ], 125 S.Ct. 2641 [162 L.Ed.2d 480]. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at 532 n. 4, 125 S.Ct. 2641. When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA.

No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." *Id.* at 532, 125 S.Ct. 2641. Likewise, a motion does not attack a federal court's determination on the merits if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at n. 4.

*Ward v. Norris,* 577 F.3d 925, 933 (8th Cir. 2009).

Davis challenges the district court's prior determination that his claim was procedurally defaulted. He argues that he is entitled to relief from judgment under Rule 60(b) as evidenced by the Supreme Court's recent decision in *Buck v. Davis,* —— U.S. ——, 137 S.Ct. 759, 197 L.Ed.2d 1 (2017). He claims that *Buck* "was properly reopened under comparable circumstances."

■ Rule 60(b) includes the "requirement that the motion 'be made within a reasonable time." *Gonzalez,* 545 U.S. at 535, 125 S.Ct. 2641. Additionally, Rule 60(b)(6) "provid[es] that a court may lift a judgment for 'any other reason that justifies relief.' Relief is available under subdivision (b)(6), however, only in 'extraordi-

nary circumstances.' " *Buck,* 137 S.Ct. at 772. In the habeas context, such "extraordinary circumstances" "rarely occur." *Id.* (quoting *Gonzalez,* 545 U.S. at 535, 125 S.Ct. 2641). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.' " *Id.* at 778 (quoting *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 863–64, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)). We review for an abuse of discretion a district court's Rule 60(b)(6) determination. *Id.* at 777.

Here, the district court denied habeas relief in January 2004. We affirmed the district court's decision in September 2005. *See Davis v. Norris,* 423 F.3d at 868, 879 (8th Cir. 2005). In 2012, the Supreme Court decided *Martinez v. Ryan,* 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) (holding when a state formally limits the adjudication of claims of ineffective assistance of trial counsel to collateral review, a prisoner may show cause for procedural default if (1) "the state courts did not appoint counsel in the initial-review collateral proceeding," or "appointed counsel in [that] proceeding . . . was ineffective under the [*Strickland*][1] standards"; and (2) "the underlying . . . claim is a substantial one, which is to say that . . . the claim has some merit"). In 2013, the Supreme Court decided *Trevino v. Thaler,* —— U.S. ——, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013) (holding that the exception announced *Martinez* extended to state systems that, as a practical matter, deny criminal defendants "a meaningful opportunity" to pursue ineffective-assistance claims on direct appeal).

On February 22, 2017, the Supreme Court decided *Buck.* In that case, Buck

---

1. *Strickland v. Washington,* 466 U.S. 668, 104     S.Ct. 2052, 80 L.Ed.2d 674 (1984).

sought federal habeas relief under 28 U.S.C. § 2254, contending that his trial counsel's introduction of expert testimony reflecting the view that his race predisposed him to violent conduct violated his Sixth Amendment right to counsel. His claim, however, was procedurally defaulted under *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Thereafter, the Supreme Court issued *Martinez* and *Trevino*, modifying the *Coleman* rule. Following *Trevino*, Buck sought to reopen his§ 2254 case under Rule 60(b). The district court denied his motion. The Supreme Court, however, concluded that the district court abused its discretion in denying the motion because "extraordinary circumstances" existed. First, "Buck may have been sentenced to death in part because of his race." *Id.* at 778. Second, Buck's underlying ineffective-assistance claim was race-based and "injure[d] not just the defendant, but 'the law as an institution, ... the community at large, and ... the democratic ideal reflected in the processes of our courts.'" *Id.* (quoting *Rose v. Mitchell*, 443 U.S. 545, 556, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979)). Third, the case's extraordinary nature was confirmed by the State's refusal to confess error in Buck's case, despite admitting error in similar cases. *Id.*

■ Even assuming Davis's motion is timely,[2] Davis has failed to present extraordinary circumstances mirroring those demonstrated in *Buck*. As the district court pointed out, *Buck* focused on the race-based nature of the case and its far reaching impact on the community by the

prospect of a defendant having been sentenced to death because of his race. These extraordinary facts have no application to the present case.

Accordingly, we hold that Davis has failed to show a significant possibility of success on the merits of his claim. *See Johnson*, 809 F.3d at 390.

---

2. The record strongly supports the district court's finding that Davis's motion is untimely. *See Watkins v. Lundell*, 169 F.3d 540, 543-44 (8th Cir. 1999) ("What constitutes a reasonable time is dependent on the particular facts of the case in question and is reviewed for abuse of discretion."). Davis's Rule 60(b)(6) motion was filed on April 12, 2017, five days before the scheduled execution and years after *Martinez* and *Trevino*. And while

the recent *Buck* decision clarifies that a Rule 60(b)(6) motion can be a successful mechanism to raise a claim of *Martinez* default post-judgment, Davis concedes that *Martinez* and *Trevino* represent "the revolution in the law" applicable to this case.