PER CURIAM.
Four Arkansas death-row inmates appeal the denial of their motions for a preliminary injunction prohibiting the execution and move this court for a stay of execution. For the reasons below, we deny this motion.
On February 27, 2017, Arkansas Governor Asa Hutchinson scheduled executions for eight inmates to take place over the course of eleven days in April 2017. Several weeks later, the inmates brought two consolidated challenges seeking to prevent their executions. In the first challenge, all eight inmates argued that the State’s method of execution, by itself and in combination with the execution schedule, constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. We vacated the district court’s order granting a preliminary injunction in that case. See McGehee v. Hutchinson, No. 17-1804, 854 F.3d 488, 494, 2017 WL 1404693 (8th Cir. 2017). In this second collective challenge, inmates Ledell Lee, Marcel Williams, Kenneth Williams, Bruce Ward, Jason McGehee, and Stacey Johnson challenged the application of the State’s clemency procedure, arguing that the Arkansas Parole Board (“the Board”) violated numerous Arkansas statutes, regulations, and policies- and thereby violated their due process rights. This matter comes before us now.
After conducting a three-day hearing, the district court[1] denied the State’s motion to dismiss and also denied a motion for preliminary injunction brought by the inmates. As the inmates stress, the district court concluded that the clemency process was “at times imperfect” under Arkansas law, regulations, and policies, because (1) notice to stakeholders did not comply with statutory requirements; (2) the Board held hearings within thirty days of the execution date; (3) the clemency deadlines were moved forward, depriving inmates of several additional days to put their applications together; and (4) the clemency hearings were reduced from two hours to one hour. Notwithstanding these findings, however, the district court concluded that the clemency procedure still satisfied minimal due process and that there was insufficient evidence that the “imperfections, the deviations from procedure ... made a real difference.” Four of the six inmates appeal the denial of their motions for preliminary injunction, arguing that the Board’s procedures violated their due process rights and made it functionally impossible for them to receive recommendations for clemency. The inmates also moved to stay their executions pending appeal. The judges in active service on this court voted to hear this motion initially en banc.
As we have previously explained, “a stay of execution is an equitable remedy. It is not available as a matter of right, and equity must be sensitive to the State’s strong interest in enforcing its criminal *981 judgments without undue interference from the federal courts.” Johnson v. Lombardi, 809 F.3d 388, 390 (8th Cir. 2015) (per curiam) (quoting Hill v. McDonough, 547 U.S. 573, 584, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006)). To prevail, inmates “must satisfy all of the requirements for a stay, including a showing of a significant possibility of success on the merits.” Id. (quoting Hill, 547 U.S. at 584, 126 S.Ct. 2096). “It is not enough merely to file an action that can proceed under § 1983. A movant must present evidence to show a significant possibility of success on the merits of his claim.” Id. (citations omitted).
At the broadest level, the inmates assert that the violations of Arkansas law, regulations, and policy during the clemency process violated the Due Process Clause of the Fourteenth Amendment. As an initial matter, we note that, to the extent the inmates argue that these irregularities themselves constitute a violation of their due process rights, this argument fails under well-established law. We agree with the Eleventh Circuit that adopting this argument
would conflict with a long line of Supreme Court decisions holding that a violation of state procedural law does not itself give rise to a due process claim. See, e.g., Sandin v. Conner, 515 U.S. 472, 482 [115 S.Ct. 2293, 132 L.Ed.2d 418] (1995) (decrying the notion that a violation of state prison regulations provides a basis for a procedural due process claim because it “creates disincentives for States to codify prison management procedures”); Olim v. Wakinekona, 461 U.S. 238, 250-51 [103 S.Ct. 1741, 75 L.Ed.2d 813] (1983) (explaining that “[p]rocess is not an end in itself’ and holding that a State’s creation of administrative procedures “does not create an independent substantive right” under the Due Process Clause); cf. Snowden v. Hughes, 321 U.S. 1, 11 [64 S.Ct. 397, 88 L.Ed. 497] (1944) (“Mere violation of a state statute does not infringe the federal Constitution.”).
Gissendaner v. Comm’r, Ga. Dept of Corr., 794 F.3d 1327, 1333 (11th Cir. 2015). Thus, even if the inmates are correct that the Board failed to comply with Arkansas law, regulations, and policy, this in and of itself is insufficient to demonstrate a significant possibility of success on the merits.
The inmates raise two principal arguments in their motion for stay of execution. First, they contend that the manner in which the Board conducted their clemency process constitutes a violation of their right to due process. However, as the district court observed, the inmates have a steep hill to climb in making this claim. “Because clemency is extended mainly as a matter of grace, and the power to grant it is vested in the executive prerogative, it is a rare case that presents a successful due process challenge to clemency procedures themselves.” Noel v. Norris, 336 F.3d 648, 649 (8th Cir. 2003) (per curiam). Indeed, the Arkansas Constitution vests the governor with “power to grant reprieves, commutations of sentences, and pardons, after convictions; and to remit fines and forfeitures, under such rules and regulations as shall be prescribed by law,” Ark. Const. Art. VI, sec. 18, and such clemency decisions are generally unreviewable under state law, see id.; Ark. Code Ann. § 16-93-204. That said, in Ohio Adult Parole Authority v. Woodard, a divided Supreme Court recognized that “some minimal procedural safeguards apply to clemency proceedings.” 523 U.S. 272, 289, 118 S.Ct. 1244, 140 L.Ed.2d 387 (1998) (O’Connor, J., concurring).
Based on the record before us, we conclude that the district court was correct in determining that, despite the procedural shortcomings in the clemency process, the inmates received the minimal due process *982 guaranteed by the Fourteenth Amendment. Our en banc decision in Winfield v. Steele, 755 F.3d 629 (8th Cir. 2014) (per curiam), is instructive. In that case, a prison staff member was dissuaded from filing a letter in support of a Missouri inmate’s clemency application. Despite this irregularity, which went to the very heart of the merits of the inmate’s clemency appeal, we vacated a related district court grant of a motion to stay, finding that, although “the procedures employed by the state actors in this case may not have been ideal ... they do not approach the arbitrariness contemplated by Justice O’Connor in Woodard: a coin flip or an arbitrary denial of access to any clemency process.” Id. at 631. As the procedural irregularities here are even less consequential than those in Winfield, especially given that they did not affect the ability of the Board to give “due and serious consideration to each of [inmates’] applications,” we are compelled to conclude that the inmates here have not demonstrated a significant possibility of success on the merits of their claim.
Second, the inmates suggest that the district court abused its discretion in determining that their procedural impossibility claim “evaporated” at the moment the Board recommended against granting clemency. A straightforward reading of the Arkansas statute underlying this argument shows why the inmates are incorrect as a matter of state law. Section 16-93-204(e) requires that the Board provide thirty-day notice “before submitting to the Governor a recommendation that an application for pardon, commutation of sentence, or remission of fine or forfeiture be granted.” Thus, there is simply no requirement to provide notice in the alternative scenario, where the Board recommends against granting clemency. For this reason, the district court explained, it granted a stay as to inmate McGehee, held in abeyance inmate Jones’s motion to stay, and denied the preliminary injunction as to the other inmates.
Accordingly, the inmates have not shown a significant possibility of success on the merits, and their motion for stay is denied.

. The Honorable D.P. Marshall, Jr., United States District Judge for the Eastern District of Arkansas.