# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1825

_____

Marcel Wayne Williams

*Petitioner - Appellant*

v.

Wendy Kelley, Director, Arkansas Department of Correction

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: April 24, 2017
Filed: April 24, 2017
[Published]

_____

Before WOLLMAN, LOKEN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Marcel Williams moves for a stay of his execution scheduled to be carried out on April 24, 2017. Williams was convicted of capital murder, kidnaping, rape, and aggravated robbery and sentenced to death on January 14, 1997 in the Circuit Court of Pulaski County. The Arkansas Supreme Court affirmed his conviction and sentence on direct appeal. Williams v. State, 991 S.W. 2d 565 (Ark.

1999). Williams sought and was denied state post-conviction relief. Williams v. State, 64 S.W.3d 709 (Ark. 2002). He petitioned for a federal writ of habeas corpus, which the district court granted in part, but on appeal we denied in its entirety, Williams v. Norris, 576 F.3d 850 (8th Cir. 2009), cert. denied, Williams v. Hobbs, 562 U.S. 1097 (2010). His first Rule 60(b) motion for relief from judgment was denied in 2015. Williams v. Norris, No. 15-2665 (Sept. 14, 2015). Williams challenged the State's lethal injection method of execution with other Arkansas inmates in Kelley v. Johnson, 496 S.W.3d 346, 357-60 (Ark. 2016), cert. denied, 137 S. Ct. 1067 (2017). Six days after the Supreme Court denied certiorari in Kelley, Arkansas Governor Asa Hutchinson set Williams's execution date for April 24, 2017. In consolidated federal cases, Williams has unsuccessfully challenged the three-drug lethal injection method, see McGehee v. Hutchinson, No. 17-1804 (8th Cir. Apr. 17, 2017) (per curiam), cert. denied, 580 U.S. __ (2017) (No. 16-8770), and the "frantic pace" of the execution schedule as a due process violation, Lee v. Asa Hutchinson, No. 17-1822 (8th Cir. April 20, 2017) (per curiam). The Arkansas Parole Board denied Williams's clemency petitions in June 2011 and April 2017.

On the eve of the scheduled execution, Williams filed this new Rule 60(b)(6) motion seeking to re-open the denial of federal habeas relief in 2009. Renewing his claims of ineffective assistance of counsel at the guilt and penalty phases of his trial, Williams argues that post-conviction counsel's failure to properly raise these claims in the state collateral proceedings was an extraordinary circumstance resulting in procedural defaults that are now excused under recent United States Supreme Court decisions. The district court[1] denied Rule 60(b) relief but granted a certificate of appealability. Williams appealed and now moves for a stay of execution pending full briefing of his appeal. We deny the motion for a stay.

_____

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

## I.

Williams abducted, robbed, raped, and murdered Stacy Erickson in November 1994. At trial, Williams was defended by Herbert Wright, who had five years criminal defense experience, including involvement in three other capital cases; Phillip Hendry, who had four years experience, including training in representing capital murder defendants, and took the lead during the penalty phase; and William James, an attorney licensed for less than one year. Given the State's overwhelming evidence, the defense conceded guilt in its opening statement at trial but challenged the State's evidence. At the penalty phase, the defense argued six mitigating circumstances, but introduced only the testimony of a former death row inmate as mitigation evidence. The State introduced "compelling" evidence of three aggravating circumstances. The jury found the State "proved three aggravating circumstances beyond a reasonable doubt, that Williams proved one mitigating circumstance -- acceptance of responsibility -- by a preponderance of the evidence, and that the aggravating circumstances outweighed the mitigating circumstance beyond a reasonable doubt." Williams, 576 F.3d at 855. The jury unanimously recommended death, the trial court accepted the jury's recommendation, and the Supreme Court of Arkansas affirmed. Williams v. State, 991 S.W. 2d 565.

Williams then sought post-conviction relief under Arkansas Rule of Civil Procedure 37, arguing that trial counsel were ineffective because they did not properly develop and present mitigation evidence regarding his troubled past during the penalty phase. Williams was represented by William McLean, an attorney who had "practiced criminal law for over ten years, served as lead counsel in other capital murder cases, handled other post-conviction matters, and tried at least 100 jury cases." Williams, 576 F.3d at 854-55. At the Rule 37 hearing, "all three [members of Williams's trial team] testified that their trial strategy was to concede guilt, in the face of the State's overwhelming evidence, and to seek mercy at the penalty phase." Id. at 855. To obtain mitigation evidence, they ordered a mental evaluation of

Williams and reviewed his school, medical, and prison records but made the decision not to present the evidence obtained through these investigations:

> [T]hey decided not to have Williams testify at the penalty phase because they feared damaging cross-examination about his drug use and criminal history and the gruesome details of the crime. . . . [They] considered Williams not to be a credible witness because of the numerous fabrications in his custodial statement. Williams told counsel he did not wish to testify. Counsel twice tried to interview Williams's mother, Sara Riggs . . . [but] elected not to call Riggs during the penalty phase because she was 'not very cooperative.'

Williams, 576 F.3d at 856. The state trial court found that Williams failed to show prejudice under Strickland v. Washington, 466 U.S. 668 (1984). The Arkansas Supreme Court affirmed, concluding Williams failed to show either deficient performance or prejudice. Williams, 64 S.W.3d 709 (2002). The Court determined that trial counsel's decision not to present mitigation evidence was "a reasonable trial strategy" and that Williams "failed to show what the omitted testimony was and how it could have changed the outcome." Id. at 715-16.

Williams's amended petition for a federal writ of habeas corpus raised 20 grounds for relief. As relevant here, Claim II argued ineffective assistance of trial counsel for failure to present mitigation evidence at the penalty phase. Claim III argued ineffective assistance during the guilt phase. The district court dismissed Claim III as procedurally defaulted because Williams had not raised guilt phase ineffective assistance in state court. Williams v. Norris, No. 5:02-cv-450, 2006 WL 1699835, at *6 (E.D. Ark. June 19, 2006).

As to the penalty phase issues raised in Claim II, the district court concluded that the Supreme Court of Arkansas unreasonably determined that trial counsel's performance was not deficient, based primarily on the assumption that counsel were

-4-

unaware they could present mitigation evidence through a social history expert. Williams, 2006 WL 1699835 at *8. The court concluded the state court record was inadequate on the prejudice issue and held an evidentiary hearing at which Williams introduced mitigation evidence. Trial counsel Wright and James testified they were unaware mitigation evidence could include testimony by a social history expert. A psychologist "recounted Williams's social history based on interviews with Williams, his mother, half-sister Peggy O'Neil and a cousin, and reviews of Williams's medical, training school, and prison records. O'Neal, four cousins, and a training school counselor also testified." Williams, 576 F.3d at 856. The district court concluded it was reasonably likely Williams would not have been sentenced to death had this mitigation evidence that was not before the state court been presented. Williams v. Norris, 2007 WL 1100417 at *3 (E.D. Ark. Apr. 11, 2007). The court granted federal habeas relief and set aside the death sentence.

On appeal, we reversed the grant of penalty phase habeas relief and denied Williams's petition for a writ of habeas corpus. We concluded the evidentiary hearing the district court held was barred by 28 U.S.C. § 2254(e)(2) because there was no evidence that Williams had not been able to develop his claim in state court. We also questioned whether the social history testimony would have been admissible in state court without corroborating testimony (Williams refused to testify and his mother was uncooperative and not credible), and whether its admission would have changed the outcome, because it was based on a record damaging to Williams. We concluded the state court did not unreasonably apply Strickland in finding that Williams failed to show prejudice from allegedly ineffective assistance at the penalty phase. Although we ruled based on the prejudice prong of Strickland, we noted that the district court, in concluding counsel were guilty of deficient performance, assumed that Hendry, lead trial counsel at the penalty phase, was ignorant of the ability to present social history mitigation evidence, based solely on the testimony of his co-counsel; "we are inclined to think the district court clearly erred" in that

-5-

assumption. Williams, 576 F.3d at 856 n.1. The Supreme Court denied Williams's petition for a writ of certiorari. Williams v. Hobbs, 562 U.S. 1097 (2010).

## II.

In this second motion for Rule 60(b)(6) relief from the denial of federal habeas relief, Williams seeks to have his case re-opened to reconsider his claims of ineffective assistance at the guilt and penalty phases of his trial. He moves for a stay of execution pending this appeal. He first argues that, because the district court issued a certificate of appealability (COA), a stay is required by Eighth Circuit Rule 47A, which provides that "in an *in forma pauperis* appeal in which a [COA] has been issued, the court will afford 14 days' notice before entering summary disposition if the briefs have not been filed." This contention is without merit. Rule 47A says nothing about a stay pending appeal, which is not a "summary disposition." More importantly, the argument is contrary to controlling Supreme Court decisions. "[A] stay of execution is an equitable remedy. It is not available as a matter of right . . . . Thus, like other stay applicants, inmates seeking time to challenge the manner in which the State plans to execute them must satisfy all of the requirements for a stay, including a showing of a significant possibility of success of the merits." Hill v. McDonough, 547 U.S. 573, 584 (2006); see Davis v. Kelley, -- F.3d -- , 2017 WL 1382558 (8th Cir. 2017) (denying application for a stay of execution pending full briefing of Rule 60(b) motion after district court granted COA).

Williams primarily argues that he qualifies for relief under Rule 60(b) because two Supreme Court decisions issued after the denial of federal habeas relief in 2009 years earlier provide that ineffective assistance of post-conviction counsel is an equitable exception that can excuse procedural default in some circumstances, Martinez v. Ryan, 566 U.S. 1 (2012), and Trevino v. Thaler, 133 S. Ct. 1911 (2013). Further, the recent decision in Buck v. Davis, 137 S. Ct. 759 (2017), held that a petitioner may be entitled to Rule 60(b) relief where his claim to ineffective

-6-

assistance of counsel was procedurally defaulted in post-judgment proceedings. Williams argues he presents extraordinary circumstances warranting a stay of execution and Rule 60(b) relief on the merits because the only federal court to consider his additional evidence of mitigating circumstances, which was not presented to the state courts because of post-conviction counsel's ineffectiveness, granted the writ. Like the district court, we conclude a stay of execution should be denied because Williams has little if any likelihood of success on the merits of these Rule 60(b) claims. The procedural analysis under governing federal habeas law is somewhat different for the penalty phase and the guilt phase issues.

**A. Penalty Phase Claims.** The premise of Williams's motion for stay of execution is that his claims of ineffective assistance of trial counsel during the penalty phase were procedurally defaulted. This is a necessary premise because 28 U.S.C. § 2244(b)(1) bars successive or second claims that were presented in a prior application. When a petitioner seeks Rule 60(b) relief based on a subsequent change in substantive law, "any claim that has already been adjudicated in a previous petition must be dismissed" under 28 U.S.C. § 2244(b)(1). Gonzales v. Crosby, 545 U.S. 524, 529 (2005). A Rule 60(b) motion brings such a claim "if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Id. at 532.

In Williams v. Norris, 576 F.3d at 857, we unambiguously stated that "the state courts ruled on the merits of this claim" of ineffective assistance of trial counsel during the penalty phase. Accordingly, we reviewed the state court's determination under the deferential standard required under AEDPA, including whether an evidentiary hearing in federal court was barred by 28 U.S.C. § 2254(e)(2), and held that the state court had not unreasonably applied federal law on the merits of Williams's Strickland claim. The claim was raised by post-conviction counsel in the

state courts. It was *not* procedurally defaulted for purposes of federal habeas review, like the claims of ineffective assistance of trial counsel in <u>Martinez</u> and <u>Trevino</u>. Thus, Williams's Rule 60(b) motion is a substantive attack on our 2009 determination that he was not entitled to federal habeas relief on the merits of his penalty phase ineffective assistance of counsel claim. As such, the Rule 60(b) claim is absolutely barred by 28 U.S.C. § 2244(b)(1) as construed in <u>Gonzalez</u>, unless Williams obtains authorization to file a second or successive habeas petition under § 2244(b)(2), which he has not sought. 545 U.S. at 529.

Even if we did not conclude that the penalty phase claim is barred as a successive or second habeas petition, Williams is still not entitled to a stay because he does not show a significant likelihood of succeeding on the merits. <u>See</u> <u>Hill</u>, 547 U.S. at 584 (standard for stay of execution). To qualify for Rule 60(b) relief, Williams must show that his motion is made within a reasonable amount of time and presents extraordinary circumstances. <u>See</u> <u>Davis</u>, -- F.3d -- , 2017 WL 1382558 at * 2. "Such circumstances will rarely occur in the habeas context . . . . Rule 60(b) proceedings are subject to only limited and deferential appellate review." <u>Gonzalez</u>, 545 U.S. at 535.

Williams argues that the change in habeas law effected by <u>Martinez</u> and <u>Trevino</u>, coupled with his prior inability to bring the "true merits" of his penalty phase claim before the federal courts, is an extraordinary circumstance. He cites the Supreme Court's recent decision in <u>Buck</u>, where the Court concluded there were extraordinary circumstances *that warranted issuing a COA* because Buck's trial attorney had introduced penalty phase testimony suggesting he "may have been sentenced to death in part because of his race." 137 S. Ct. at 778. Williams's claim of extraordinary circumstances is hardly comparable. The Arkansas Supreme Court considered the merits of his penalty phase claim and concluded that trial counsel's decision not to introduce mitigation evidence did not amount to deficient performance, and also found a lack of prejudice under <u>Strickland</u>. We found the

-8-

ruling on prejudice was reasonable, and we questioned the district court's assumption that Williams's lead penalty phase trial counsel did not understand that expert mitigation testimony was admissible, an assumption critical to the district court's decision that the Arkansas Supreme Court's deficient performance determination was unreasonable.  See Williams v. Norris, 576 F.3d at 856 n.1.

Further, the district court did not abuse its discretion in finding Williams did not present his Rule 60(b) motion within a reasonable time.  See Moses v. Joyner, 815 F.3d 163, 166 (4th Cir. 2016).  Williams previously filed a Rule 60(b) motion for relief in 2015, well after the alleged "jurisdictional leap" in Martinez, and did not raise a Martinez-based claim.  Instead, he sought Rule 60(b) relief based on Martinez on the eve of his scheduled execution.  "[U]se of 'piecemeal litigation' or dilatory tactics is sufficient reason by itself to deny a stay."  McGehee, No. 17-1804, Slip. Op. at 2, quoting Hill, 547 U.S. at 584-85.  Buck recently clarified that, in extraordinary circumstances, Rule 60(b) may be the basis for a claim of procedural default caused by post-conviction counsel's ineffective assistance, but Williams cites Martinez as the decision that "dramatically altered habeas corpus procedure" and "carries much weight in [his] 'extraordinary circumstances' analysis."  His Martinez claim is years untimely.

**B. Guilt Phase Claims.**  Williams identifies the following as establishing ineffective assistance of counsel during the guilt phase of his trial:  (1) ineffective questioning during *voir dire* of potential jurors regarding their ability to consider mitigation evidence; (2) failure to remove potential juror Kay Barfield who stated she would not consider mitigation; (3) failing to object to victim impact evidence; (4) failing to request funding for an expert to examine the state's DNA evidence and failing to cross-examine the state's DNA expert; and (5) failing to properly pursue a challenge to the prosecutor's allegedly racially discriminatory strikes. The Arkansas Supreme Court held that these post-conviction guilt-phase claims were procedurally defaulted.  Therefore, we agree with the district court that these Rule 60(b) claims

based on <u>Martinez</u> and <u>Trevino</u> are not successive under <u>Gonzalez v. Crosby</u>, 545 U.S. 524 (2005). However, like the district court, we conclude that Williams has not presented a basis for relief under Rule 60(b)(6), because he did not show extraordinary circumstances meriting such relief and because his Rule 60(b) motion was filed years after <u>Martinez</u>, not within a reasonable time as Rule 60(b) requires. <u>See</u> Fed. R. Civ. Pro. 60(c)(1).

Lacking a reasonable likelihood of success on his claims for Rule 60(b) relief based on ineffective assistance of counsel during either the penalty phase or the guilt phase of his trial, Williams is not entitled to an extraordinary stay of execution.

————————————————