# United States Court of Appeals

## For the Eighth Circuit

_____

No. 20-2007

_____

Desmond Rouse; Jesse Rouse

*Plaintiffs - Appellants*

v.

United States of America

*Defendant - Appellee*

_____

No. 20-2015

_____

Russell Hubbeling

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*

_____

Appeals from United States District Court
for the District of South Dakota - Southern Division

_____

Submitted: April 16, 2021
Filed: September 16, 2021
_____

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.
_____

LOKEN, Circuit Judge.

In 1994, after a three-week trial, the jury convicted Desmond and Jesse Rouse, their cousin Russell Hubbeling, and another cousin of sexually abusing five nieces. After a hearing, the district court[1] denied defendants' post-trial motion for new trial based on the alleged anti-Native American bias of one juror. On direct appeal, we affirmed the convictions and the denial of a new trial. United States v. Rouse, 111 F.3d 561, 565 (8th Cir.), reconsidering 100 F.3d 560 (8th Cir. 1996), cert. denied, 522 U.S. 905 (1997) ("Rouse I"). In 1999, defendants filed a second motion for new trial alleging that the four victims who testified at trial recanted allegations of sex abuse. See Fed. R. Crim. P. 33(b)(1). The district court denied this motion after a four-day evidentiary hearing, finding "no reasonable probability that the recantations would produce an acquittal if a new trial were held." United States v. Rouse, 329 F. Supp. 2d 1077, 1092 (D.S.D. 2004). We again affirmed. United States v. Rouse, 410 F.3d 1005, 1009 (8th Cir. 2005) ("Rouse II").

In 1998, Hubbeling filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. The district court denied the motion on the merits; we affirmed. Hubbeling v. United States, 288 F.3d 363 (8th Cir. 2002). Jesse Rouse filed a § 2255 petition in 1998 alleging ineffective

---

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

assistance of counsel. This petition was dismissed as untimely. Desmond Rouse's § 2255 petition, filed in 2006, was also dismissed as untimely.

In 2018, each defendant applied to this court for authorization to file a second or successive § 2255 motion to vacate or set aside his sentence. See 28 U.S.C. §§ 2244(b)(3), 2255(h). The grounds alleged were (i) "new forensic medical science" establishes their convictions were based on the government's "outdated, false, misleading, and inaccurate" forensic medical evidence, (ii) the "new rule" announced in Peña-Rodriguez v. Colorado, 137 S. Ct. 855 (2017), will permit them at a new trial to "investigate whether their convictions were based upon overt [juror] racism," and (iii) the now adult victims have again recanted. Therefore, they are entitled to successive habeas relief under McQuiggen v. Perkins, 569 U.S. 383 (2013), because they are "probably actually innocent." We summarily denied the applications.

Represented by the same attorneys, Desmond and Jesse Rouse and Hubbeling (hereafter referred to collectively as "Appellants") returned to the district court and raised these same claims in Rule 60(b)(6) motions seeking relief from the dismissal of their initial § 2255 motions. After argument, the district court denied the Rule 60(b)(6) motions, concluding (i) the Rule 60(b)(6) motions are successive § 2255 motions not authorized by the Eighth Circuit; (ii) even considering the adult recantations and new expert opinions regarding forensic medical evidence, "this Court does not find that the requirements for an actual innocence claim have been satisfied"; and (iii) "[Appellants] have not shown extraordinary circumstances to justify relief under Rule 60(b)(6)." The court granted certificates of appealability regarding whether the Rule 60(b)(6) motions are second or successive § 2255 motions. Desmond and Jesse Rouse and Hubbeling separately appealed. We consolidated the appeals and now affirm.

## I. Rule 60(b)(6) Motions by Federal Habeas Petitioners

Federal Rule of Civil Procedure 60(b)(6) authorizes courts to grant relief from final judgments for "any other reason that justifies relief." A Rule 60(b)(6) motion "must be made within a reasonable time." Rule 60(c)(1). A defendant must present "extraordinary circumstances" to justify relief. Davis v. Kelley, 855 F.3d 833, 835 (8th Cir. 2017), quoting Buck v. Davis, 137 S. Ct. 759, 772 (2017). Rule 60(b)(6) extraordinary circumstances "rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). Appellants argue their new evidence of juror bias and actual innocence creates the extraordinary circumstances necessary for Rule 60(b)(6) relief.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed significant restrictions on second or successive state habeas corpus applications and their federal counterpart, § 2255 motions for post-conviction relief. See 28 U.S.C. §§ 2244(b), 2255(h); Baranski v. United States, 880 F.3d 951, 954-55 (8th Cir. 2018). Under AEDPA, any claim adjudicated in a prior petition "shall be dismissed," § 2244(b)(1). A claim not previously adjudicated "must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." Gonzalez, 545 U.S. at 530, citing § 2244(b)(2). Though AEDPA did not directly circumscribe Rule 60(b), the Supreme Court held in Gonzalez that the restrictions in § 2244(b) apply to Rule 60(b) motions that present "new claims for relief." Id. at 531. The Court expressly included in this class of Rule 60(b) motions those that "seek leave to present 'newly discovered evidence' . . . in support of a claim previously denied," and those that "contend that a subsequent change in substantive law is a 'reason justifying relief.'" Id. By contrast, no "claim" is presented when a Rule 60(b) motion only attacks "some defect in the integrity of the federal habeas proceedings." Id. at 532; see Ward v. Norris, 577 F.3d 925, 933 (8th Cir. 2009), cert. denied, 559 U.S. 1051 (2010).

Appellants argue their 60(b)(6) motions are not second or successive § 2255 motions. They contend the motions challenge the procedural bases that precluded prior merits determinations, rather than attacking the merits of the prior decisions. The Rouses claim the denial of their petitions as untimely under AEDPA's one-year statute of limitations was improper in light of McQuiggen. Hubbeling argues his initial § 2255 petition was not resolved on the merits because he was unable to bring evidence that is now admissible under Peña-Rodriguez. We reject these contentions for multiple reasons.

First, as previously noted, the grounds Appellants assert for Rule 60(b) relief -- "newly discovered evidence . . . in support of a claim previously denied," and "a subsequent change in substantive law . . . justifying relief" -- fall squarely within the class of Rule 60(b) claims to which the Supreme Court applied § 2244(b) restrictions in Gonzalez. Appellants implicitly admitted as much when they applied to this court for authorization to file second or successive § 2255 motions seeking the same relief. The requirement in § 2244(b)(3) that courts of appeals first certify compliance with § 2244(b)(2) before a district court can accept a motion for second or successive relief applies to Rule 60(b)(6) motions that include second or successive claims. See Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002), cert. denied, 538 U.S. 953 (2003). "[I]nmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir.), cert. denied, 545 U.S. 1135 (2005).

Our prior denial of authorization did not sanction Appellants' repackaging of their claims in Rule 60(b)(6) motions to the district court. The motions are improper attempts to circumvent the procedural requirements of AEDPA.[2]

---

[2]We summarily denied Appellants' requests for § 2244(b)(3) authorization. When a three-judge panel determines that a request does not present a claim for which

-5-

Second, the juror bias, recantation, and evidentiary issues raised in Appellants' purported Rule 60(b)(6) motions *were not raised* in their initial § 2255 motions. Those issues were raised in multiple Rule 33 motions for new trial, rejected on the merits by the district court, and affirmed on direct appeal. If Appellants had raised these claims in timely § 2255 motions, they would have been summarily dismissed because "claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." Davis v. United States, 673 F.3d 849, 852 (8th Cir. 2012) (quotation omitted). Therefore, the fact that the initial § 2255 motions were dismissed as untimely is irrelevant. These are new claims under Gonzalez and are therefore second or successive within the meaning of § 2244(b).

Third, Appellants presumably did not assert their present claims under Rule 33 because Rule 33 motions based on newly discovered evidence are subject to a three-year statute of limitations and require a showing of five factors that are strictly enforced because such motions are viewed with disfavor. See Rule 33(b)(1); Rouse II, 410 F.3d at 1009; United States v. Bell, 761 F.3d 900, 911-12 (8th Cir.), cert. denied, 574 U.S. 1001 (2014). Proceeding instead under § 2255, Appellants ignore an important Eighth Circuit principle: "When newly discovered evidence is the ground for a § 2255 motion, the district court should apply the same substantive test which governs a motion for a new trial under Fed. R. Crim. P. 33 premised upon the same ground." Lindhorst v. United States, 585 F.2d 361, 365 n.8 (8th Cir. 1978). And Rule 60(b) relief from a § 2255 denial requires that the motion "is made within a reasonable amount of time and presents extraordinary circumstances." Williams v.

---

authorization is required, our Judgment will recite that the request "is denied as unnecessary." See Crouch v. Norris, 251 F.3d 720, 725 (8th Cir. 2001). If there is a risk the motion may become time-barred, we will transfer the request to the district court for consideration as a Rule 60(b) motion or a first § 2255 motion. Thus, at least arguably, our summary denial of authorization could be deemed to preclude Appellants' subsequent, identical motions for Rule 60(b) relief. But the government has not raised this issue, so we do not decide it.

Kelley, 854 F.3d 1002, 1008 (8th Cir. 2017). Presenting evidence of a third round of victim recantations and a new set of defense experts to debunk the government's forensic medical evidence almost twenty-five years after the trial hardly satisfies these demanding standards.

Fourth, neither McQuiggen nor Peña-Rodriguez supports Appellants' claims for Rule 60(b)(6) relief. In McQuiggen, applying its prior decision in Schlup v. Delo, 513 U.S. 298 (1995), the Supreme Court held that an adequate showing of actual innocence[3] will serve as a "gateway" that allows a defendant to bring an ineffective assistance of counsel claim otherwise barred by AEDPA's one-year statute of limitations. 569 U.S. at 386. The Rouses, whose initial § 2255 motions were dismissed as untimely, argue that this change in the law invalidates their procedural default, permitting Rule 60(b)(6) relief based on their evidence of actual innocence.

The district court concluded this change in the law was irrelevant because Appellants are asserting freestanding claims of actual innocence, not using evidence of actual innocence as a "gateway" to assert constitutional claims under Schlup.[4] As previously explained, we conclude the timeliness issue is irrelevant for different reasons. Moreover, Appellants urge us to construe McQuiggen far more broadly than the Supreme Court's reasoning supports. "[T]he holding in McQuiggen was based on the Supreme Court's conclusion that Congress, through its silence on the issue, had not intended to eliminate the pre-existing equitable 'actual innocence' exception for an untimely first-time filer." Amerson v. United States, 2014 WL 5017938, No.

---

[3]Actual innocence claims must be supported by "new reliable evidence . . . that was not presented at trial" and convinces the court it is "more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 324, 327. This "demanding" standard of proof will only be successful in "extraordinary" circumstances. House v. Bell, 547 U.S. 518, 538 (2006).

[4]As the district court noted, it an open question whether such freestanding claims of actual innocence are cognizable. See McQuiggen, 569 U.S. at 392.

-7-

4:14 CV 1644, Mem. & Order at *2 (E.D. Mo. Oct. 7, 2014). But the Court recognized that Congress in § 2244(b) intended to "constrain" the actual innocence exception for second or successive petitions. Id. We decline Appellants' invitation to broaden McQuiggen contrary to the principles of finality underlying § 2244(b).

In Peña-Rodriguez, the Supreme Court held that the long-standing "no impeachment rule" reflected in Federal Rule of Evidence 606(b), which bars questions or testimony regarding comments made inside the jury room during deliberations, does not apply "when, after the jury is discharged, a juror comes forward with compelling evidence that another juror made clear and explicit statements indicating that racial animus was a significant motivating factor in his or her vote to convict." 137 S. Ct. at 861.

After trial, Appellants moved for a new trial based on allegations by Verna Severson (now Verna Boyd), a co-worker of juror Pat Pickard, that Pickard had admitted that anti-Native American prejudice influenced her decision to convict. After four evidentiary hearings at which Boyd, Pickard, the jury foreperson, an alternate juror, and Pickard's co-workers testified, the district court denied the motion, finding that "as between juror Pickard and Ms. Severson, juror Pickard [was] the more credible witness," and that credible testimony of the foreperson and alternate juror showed that "no improper outside influence affected the jury." We affirmed that ruling. Rouse I, 111 F.3d at 573. Appellants argue that Peña-Rodriguez's change in the law renders denial of their motion for new trial fundamentally flawed because they were barred from questioning jurors about the influence of anti-Native American bias on the verdict, and therefore a "true" decision on the merits was never reached. In support, Appellants submit a new affidavit by Boyd providing hearsay allegations regarding statements juror Pickard allegedly made during deliberations and other evidence of alleged anti-Native American bias.

As we have explained, this contention is without merit because the prior decision was affirmed on appeal and cannot be collaterally attacked in what is effectively a § 2255 motion raising the same issues. Beyond that, Peña-Rodriguez's narrow exception to the no-impeachment rule simply does not apply. Verna Boyd was not a juror. She has no first-hand knowledge of what was said during deliberations, so Appellants have no "compelling evidence that *another juror* made clear and explicit statements indicating" that racial animus motivated her vote to convict. The Supreme Court in Peña-Rodriguez gave no hint it intended to allow open-ended discovery of juror deliberations based on the averrals of third parties who may have strong motives to undermine a jury's verdict, but have no first hand knowledge of what jurors may actually have relied on in reaching that verdict. Such a ruling would be directly contrary to Federal Rule of Evidence 606(b).[5]

Boyd testified in support of her allegations immediately after the trial, and the district court found her less credible than juror Pickard. Appellants do not get a second bite at this apple twenty-five years later. "In § 2255(h), Congress permitted a second collateral attack when a prisoner offers new, exculpatory evidence. It did not authorize successive motions based on new evidence of a procedural constitutional violation at trial, such as infringement of the right to an impartial jury." Hale v. Fox, 829 F.3d 1162, 1174-75 (10th Cir. 2016), cert. denied, 137 S. Ct. 641 (2017).

We affirm the district court's decision to dismiss the Rule 60(b)(6) motions because they were second or successive claims for § 2255 relief that had not been authorized by the court of appeals under § 2244(b)(3).

---

[5]We further agree with the district court that Peña-Rodriguez does not apply to Appellants because it has not been "made retroactive to cases on collateral review by the Supreme Court." § 2244(b)(2)(A).

## II. Actual Innocence Issues

After ruling that Appellants' actual innocence claims were unauthorized successive § 2255 motions, the district court addressed the merits of those claims. This is prudent when dealing with complex issues regarding the scope of post-conviction relief because actual innocence is often an exception to rules promoting finality. For example, in considering the scope of § 2255, "an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (cleaned up). Also, one test for court of appeals certification of a second or successive motion is whether newly discovered evidence "would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." § 2255(h)(1). And the test for granting a new trial based on newly discovered evidence includes whether "it is probable that the new evidence would produce an acquittal at the new trial." Bell, 761 F.3d at 911 (quotation omitted).

One apparent exception to the notion that actual innocence is always relevant to issues of post-conviction remedies, noted by the Supreme Court in Gonzalez, is the provision in § 2241(b)(1) that a claim presented in a second or successive habeas corpus application "that was presented in a prior application *shall* be dismissed." As we held in Thompson v. Nixon, "§ 2244(b)(1) is worded in an uncompromising fashion. . . . Does the handing down of [a subsequent decision such as McQuiggen or Peña-Rodriguez], and [Appellants'] present reliance on it, make [their] claim a new one, as opposed to one presented in a previous petition? We think not. [It] simply provides a new argument (the merits of which we need not explore) in support of the same due-process claim that has been presented twice before." 272 F.3d 1098, 1101 (8th Cir. 2001) cert. denied, 535 U.S. 1075 (2002); accord In re Hill, 715 F.3d 284, 293-95 (11th Cir. 2013); see Winarske v. United States, 913 F.3d 765, 768-69 (8th Cir.) (citing cases), cert. denied, 140 S. Ct. 211 (2019). Here, all of Appellants'

-10-

claims -- false forensic evidence at trial, victim recantation, and juror bias -- have been litigated and relitigated at trial, in multiple new trial motions, and, at least implicitly, in initial § 2255 motions. We conclude they are barred by § 2244(b)(1).

Assuming arguendo that Appellants' Rule 60(b)(6) motions were not second or successive motions subject to § 2244(b), we agree with the district court the "newly discovered" victim recantations, medical science evidence, and Verna Boyd's repackaging of her prior bias allegations against juror Pickard do not meet the "extraordinarily high" burden of proving actual innocence, a complete miscarriage of justice, or are evidence that would produce an acquittal at a new trial.

Victim recantations were the primary subject of evidentiary hearings held in response to Appellants' second motion for new trial in 1999. The district court found the young victims' recantations were likely the product of family pressures and failed to explain away other witnesses' trial testimony, including the victims' own contemporaneous statements made to a foster mother, investigators, and counselors. Rouse, 329 F. Supp. 2d at 1087-92. Appellants support their current motions with new affidavits from now-adult victims reaffirming their prior recantations. The district court concluded that this evidence does not "pass through the Schlup actual innocence gateway." "After considering the evidence presented at trial, the evidence presented during the 2001 evidentiary hearing, and the recent affidavits of the recanting victims, the Court cannot conclude that no reasonable juror would vote to convict." We agree. The motions are nothing more than an improper attempt to re-litigate prior district court proceedings. See Gonzalez, 545 U.S. at 532.

The same is true of Appellants' argument that subsequent changes in the analysis of forensic evidence establish that the physical examination evidence relied on at trial was "inaccurate, misleading and potentially false." Appellants had medical experts at trial who critiqued the government's forensic medical evidence. See Rouse I, 111 F.3d at 565. The district court relied on the government's forensic evidence

-11-

in denying the motion for new trial based on victim recantations, see Rouse, 329 F. Supp. 2d at 1090-91, and we described that "powerful medical evidence" at length in affirming the decision, Rouse II, 410 F.3d at 1008. Appellants' new experts opine that advances in child sexual abuse investigations discredit the government experts' sexual abuse evidence at trial. In denying Rule 60(b)(6) relief, the district court noted that this opinion "is not evidence that exonerates [Appellants]," and concluded that "[i]t cannot be said that [Appellants] newly proposed experts' opinions would more likely than not result in their acquittal if given a new trial." Again, we agree. Appellants had the opportunity to raise these claims at trial, in their direct appeals, and in their first attempts at federal habeas relief. They may not raise them again in these untimely Rule 60(b)(6) motions. See § 2244(b)(1); Davis, 855 F.3d at 835.

The Orders of the district court dated March 18, 2020, are affirmed.

STRAS, Circuit Judge, concurring in part.

I join all but Part II of the opinion.

_____