Cite as: 581 U. S. ____ (2017)          1

# SUPREME COURT OF THE UNITED STATES

_____

No. 16A1003 (16–8770)

_____

## JASON FARRELL MCGEHEE, ET AL. *v.* ASA HUTCHINSON, GOVERNOR OF ARKANSAS, ET AL.

ON APPLICATION FOR STAY AND PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

[April 20, 2017]

The application for stay of execution of sentences of death presented to JUSTICE ALITO and by him referred to the Court is denied. The petition for a writ of certiorari is denied.

JUSTICE GINSBURG and JUSTICE SOTOMAYOR would grant the application for stay of execution and the petition for a writ of certiorari.

JUSTICE BREYER and JUSTICE KAGAN would grant the application for stay of execution.

JUSTICE SOTOMAYOR, dissenting from denial of application for stay and denial of certiorari.

After a four-day evidentiary hearing at which seventeen witnesses testified and volumes of evidence were introduced, the District Court issued an exhaustive 101-page opinion enjoining petitioners' executions. The court found that Arkansas' current lethal-injection protocol posed a substantial risk of severe pain and that petitioners had identified available alternative methods of execution. The Eighth Circuit reversed these findings in a six-page opinion.

As Judge Kelly noted persuasively in dissent, the Eighth Circuit erred at both steps of the analysis required by *Glossip* v. *Gross*, 576 U. S. ___ (2015). First, it failed to

defer to the District Court's extensive factual findings and instead substituted its own.  See *id.*, at ___ (slip op., at 16) (a district court's findings of fact regarding risk of pain are "review[ed] . . . under the deferential 'clear error' standard").  The Court of Appeals thus erroneously swept aside the District Court's well-supported finding that midazolam creates a substantial risk of severe pain.  Second, it imposed a restrictive view of what qualifies as an "available" alternative under *Glossip*.

I continue to harbor significant doubts about the wisdom of imposing the perverse requirement that inmates offer alternative methods for their own executions.  *Id.*, at ___ (SOTOMAYOR, J., dissenting) (slip op., at 23); see also *Arthur* v. *Dunn*, 580 U. S. ___ (2017) (SOTOMAYOR, J., dissenting from denial of certiorari).  But given the life-or-death consequences, the Court, having imposed this requirement, should provide clarification and guidance when the Circuits are divided as to its meaning.  Compare App. to Pet. for Cert. 4a–7a, with *Arthur* v. *Commissioner*, *Ala. Dept. of Corrections*, 840 F. 3d 1268, 1299–1304 (CA11 2016), and *In re Ohio Execution Protocol*, 2017 WL 1279282, *5–*9, and n. 1 (CA6, Apr. 6, 2017).

I dissent from the Court's refusal to do so.