Cite as: 582 U. S. ____ (2017)          1

# SUPREME COURT OF THE UNITED STATES

_____

No. 17A78 (17–5198)

_____

## GARY OTTE, ET AL. *v.* DONALD MORGAN, ET AL.

ON APPLICATION FOR STAY AND PETITION FOR WRIT OF
CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE SIXTH CIRCUIT

[July 25, 2017]

The application for stay of execution of sentence of death presented to JUSTICE KAGAN and by her referred to the Court is denied. The petition for a writ of certiorari is denied.

JUSTICE SOTOMAYOR, with whom JUSTICE GINSBURG joins, dissenting from the denial of application for stay and denial of certiorari.

The question before this Court, as appropriately summarized by Judge Moore in dissent, is narrow: "Should Gary Otte, Ronald Phillips, and Raymond Tibbetts have a trial on their claim that Ohio's execution protocol is a cruel and unusual punishment, or should Ohio execute them without such a trial?" *In re Ohio Execution Protocol*, 860 F. 3d 881, 892 (CA6 2017). The District Court, after extensive review of the evidence, held that a trial was warranted and granted a preliminary injunction. It did so after a 5-day evidentiary hearing, issuing a 119-page opinion finding that petitioners had presented enough evidence to demonstrate that they were likely to prevail on their claim that the Ohio execution protocol posed a substantial risk of severe pain, and that an alternative method of execution was sufficiently available. Although a panel of the Sixth Circuit initially affirmed those findings, a divided en banc court later reversed over the dissent of six of its members.

In reversing, the Sixth Circuit en banc court failed to afford the District Court due deference. See *Glossip* v. *Gross*, 576 U. S. \_\_\_, \_\_\_, \_\_\_ (2015) (slip op., at 14, 16) (reviewing findings by the District Court regarding both risk of pain and available alternatives for clear error). As Judge Moore carefully detailed in her dissent, the District Court thoroughly reviewed the evidence firsthand and found that the petitioners demonstrated a likelihood of success on their claim that they will be unconstitutionally executed. The Court of Appeals and this Court should not so lightly disregard those findings.

For this reason, and others set forth in *McGehee* v. *Hutchinson*, 581 U. S. \_\_\_ (2017) (SOTOMAYOR, J., dissenting from denial of application for stay and denial of certiorari), I dissent again from this Court's failure to step in when significant issues of life and death are present.