Cite as: 586 U. S. \_\_\_\_ (2018)            1

# SUPREME COURT OF THE UNITED STATES

## EDMUND ZAGORSKI *v.* BILL HASLAM, GOVERNOR OF TENNESSEE, ET AL.

### ON APPLICATION FOR STAY AND PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

No. 18-6530 (18A470)   Decided November 1, 2018

The application for stay of execution of sentence of death presented to JUSTICE KAGAN and by her referred to the Court is denied. The petition for a writ of certiorari is denied.

JUSTICE SOTOMAYOR, dissenting from denial of application for stay and denial of certiorari.

Three weeks ago, I expressed my concerns with the Tennessee Supreme Court's rejection of petitioner Edmund Zagorski's challenge to the lethal-injection protocol that the State previously planned to use to execute him. *Zagorski* v. *Parker*, 586 *ante,* p.\_\_\_ (opinion dissenting from denial of application for stay and denial of certiorari). In the wake of that ruling, Zagorski sought instead to be executed by the electric chair. He did so not because he thought that it was a humane way to die, but because he thought that the three-drug cocktail that Tennessee had planned to use was even worse. Given what most people think of the electric chair, it is hard to imagine a more striking testament—from a person with more at stake—to the legitimate fears raised by the lethal-injection drugs that Tennessee uses. See *id.*, at \_\_\_ (slip op., at 1) (noting "mounting evidence that the sedative to be used, midazolam, will not prevent the prisoner from feeling as if he is 'drowning, suffocating, and being burned alive from the inside out' during a process that could last as long as 18 minutes").

The present challenge does not concern lethal injection. That said, it might never have arisen if Zagorski had been able to prevail simply by showing that Tennessee's lethal-injection protocol "creates a demonstrated risk of severe pain." *Abdur'Rahman* v. *Parker*, ___ S. W. 3d ___, 2018 WL 4858002, *13 (Tenn., Oct. 8, 2018). Instead, under this Court's decision in *Glossip* v. *Gross*, 576 U. S. ___ (2015), Zagorski's prior challenge failed only because the Tennessee Supreme Court ruled that he had not proved the "availability of" a safer lethal-injection drug (pentobarbital) that was Zagorski's "proposed alternative method of execution." *Abdur'Rahman*, 2018 WL 4858002, *13. His eleventh-hour decision to accept the electric chair as a marginally less excruciating alternative does not undermine, as a matter of logic, his contention that both Tennessee's lethal-injection protocol and the electric chair are cruel and unusual in violation of the Eighth Amendment.

Given this petition's unique posture, I note that this Court's denial of Zagorski's challenge says nothing about the constitutional tolerability of the electric chair, which has raised concern in other forums. See, *e.g., State* v. *Mata*, 275 Neb. 1, 67, 745 N. W. 2d 229, 278 (2008) ("Electrocution's proven history of burning and charring bodies is inconsistent with both the concepts of evolving standards of decency and the dignity of man"). It says a great deal, however, about how this Court's decision in *Glossip* continues to "immunize . . . methods of execution—no matter how cruel or how unusual—from judicial review." See *Arthur* v. *Dunn*, 580 U. S. ___, ___ (2017) (SOTOMAYOR, J., dissenting from denial of certiorari) (slip op., at 1). Because I continue to believe that we should rethink this troubling doctrinal shift and reaffirm that "[t]he Cruel and Unusual Punishments Clause prohibits the imposition of inherently barbaric punishments under all circumstances," *Graham* v. *Florida*, 560 U. S. 48, 59 (2010), I dissent.