Cite as: 586 U. S. \_\_\_\_ (2018)          1

# SUPREME COURT OF THE UNITED STATES

## DAVID E. MILLER *v.* TONY PARKER, COMMISSIONER, TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

ON APPLICATION FOR STAY AND PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

No. 18-6906 (18A578).   Decided December 6, 2018

The application for stay of execution of sentence of death presented to JUSTICE SOTOMAYOR and by her referred to the Court is denied. The petition for a writ of certiorari is denied.

JUSTICE SOTOMAYOR, dissenting from denial of application for stay and denial of certiorari.

Tennessee is scheduled to electrocute David Miller tonight. Miller is the second inmate in just over a month who has chosen to die by the electric chair in order to avoid the State's current lethal injection protocol. See *Zagorski* v. *Haslam*, 586 U. S. \_\_\_ (2018) (SOTOMAYOR, J., dissenting from denial of application for stay and denial of certiorari). Both so chose even though electrocution can be a dreadful way to die.* They did so against the backdrop of credible scientific evidence that lethal injection as currently practiced in Tennessee may well be even worse. See *id.*, at \_\_\_ (slip op., at 1); *Irick* v. *Tennessee*, 585 U. S. \_\_\_, \_\_\_–\_\_\_ (2018) (SOTOMAYOR, J., dissenting from denial of application for stay) (slip op., at 1–2).

The decision that the Court leaves undisturbed in this

―――――――

\*See *State* v. *Mata*, 275 Neb. 1, 66, 745 N. W. 2d 229, 278 (2008) (concluding that "electrocution will unquestionably inflict intolerable pain unnecessary to cause death in enough executions so as to present a substantial risk that any prisoner will suffer unnecessary and wanton pain").

case rests in part on the fiction that Miller's choice was voluntary, and in part on predictions about the efficacy of electric chairs made over a century ago. App. to Pet. for Cert. 19a; see *In re Kemmler*, 136 U. S. 436, 443–444 (1890). Another decision that the Court today declines to review faulted Miller for not proving an available alternative means of his own execution. See No. 18–6739, *Miller* v. *Parker*, *supra*, p. ___. It did so while effectively permitting the State to turn that "perverse requirement" into a moving target. See *McGehee* v. *Hutchinson*, 581 U. S. ___, ___ (2017) (SOTOMAYOR, J., dissenting from denial of application for stay and denial of certiorari) (slip op., at 2). These cases are the unfortunate byproducts of this Court's decision in *Glossip* v. *Gross*, 576 U. S. ___ (2015). Such madness should not continue. Respectfully, I dissent.