Cite as: 587 U. S. \_\_\_\_ (2019)       1

SOTOMAYOR, J., dissenting

# SUPREME COURT OF THE UNITED STATES

ABU-ALI ABDUR'RAHMAN, ET AL. *v.* TONY PARKER, COMMISSIONER, TENNESSEE DEPARTMENT OF CORRECTIONS, ET AL.

ON PETITION FOR WRIT OF CERTIORARI TO THE SUPREME COURT OF TENNESSEE, MIDDLE DIVISION

No. 18–8332.   Decided May 13, 2019

The petition for a writ of certiorari is denied.

JUSTICE SOTOMAYOR, dissenting from denial of certiorari.

I have already explained my opposition to the "perverse requirement that inmates offer alternative methods for their own executions." *McGehee* v. *Hutchinson*, 581 U. S. \_\_\_, \_\_\_ (2017) (opinion dissenting from denial of application for stay and denial of certiorari) (slip op., at 2); see generally *Glossip* v. *Gross*, 576 U. S. \_\_\_, \_\_\_–\_\_\_ (2015) (slip op., at 13–15). I have likewise addressed the added perversity of the secrecy laws that Tennessee imposes on death-row prisoners seeking to meet this requirement. See *Zagorski* v. *Parker*, 586 U. S. \_\_\_, \_\_\_–\_\_\_ (2018) (opinion dissenting from denial of application for stay and denial of certiorari) (slip op., at 4–5) (discussing prisoners' inability to depose those with firsthand knowledge of the State's efforts to procure an alternative drug or to learn which sellers the State had contacted).

The Court has recently reaffirmed (and extended) the alternative-method requirement. See *Bucklew* v. *Precythe*, 587 U. S. \_\_\_, \_\_\_–\_\_\_ (2019) (slip op., at 14–20). And today, the Court again ignores the further injustice of state secrecy laws denying death-row prisoners access to potentially crucial information for meeting that requirement. Because I continue to believe that the alternative-method requirement is fundamentally wrong—and particularly so when compounded by secrecy laws like Tennessee's—I dissent.